JEFFERSON STANDARD LIFE INSURANCE CO. et al., Appellants, v. Claude E. ADREAN et al., Appellees.

No. 9352.

Court of Civil Appeals of Texas. San Antonio.

Oct. 18, 1933.

Rehearing Denied Nov. 22, 1933.

Seabury, George & Taylor, of Brownsville, and A. J. Rabel, of Harlingen, for appellant.

A. K. Black, of Brownsville, for appellee.

PER CURIAM.

Appellees secured a temporary injunction enjoining the trustee in a deed of trust from selling real estate under the power of sale provided for in the deed of trust.

Appellants moved to dissolve the injunction, which was by the trial court refused, and, from the order refusing to dissolve this injunction, appellants have prosecuted this appeal.

The application for the injunction was based upon the provisions of House Bill No. 231 (c. 102), passed by the 43d Legislature at its Regular Session (Vernon's Ann. Civ. St. art. 2218b). We have previously held this act unconstitutional and void in so far as it attempts to provide for the staying of trustee sales of real estate. Murphy v. Phillips, 63 S.W.(2d) 404. For the reasons stated in that opinion, we hold that this injunction should have been dissolved.

The judgment of the trial court is reversed, and judgment here rendered dissolving the temporary injunction.

A. J. RABEL and Jefferson Standard Life Insurance Company, Appellants, v. Mrs. A. A. V. COWEN et al., Appellees.

No. 9354.

Court of Civil Appeals of Texas. San Antonio.

Oct. 18, 1933.

Rehearing Denied Nov. 29, 1933.

Seabury, George & Taylor, of Brownsville, and A. J. Rabel, of Harlingen, for appellants.

Raphael Cowen, of Brownsville, for appellees.

PER CURIAM.

Appellees secured a temporary injunction enjoining the trustee in a deed of trust from selling real estate under the power of sale provided for in the deed of trust.

Appellants moved to dissolve the injunction, which was by the trial court refused, and, from the order refusing to dissolve this injunction, appellants have prosecuted this appeal.

The application for the injunction was based upon the provisions of House Bill No. 231, passed by the 43d Legislature at its Regular Session (chapter 102 [Vernon's Ann. Civ. St. art. 2218b]). We have previously held this act unconstitutional and void in so far as it attempts to provide for the staying of trustee sales of real estate. Murphy v. Phillips (Tex. Civ. App.) 63 S.W.(2d) 404. For the reasons stated in that opinion, we hold that this injunction should have been dissolved.

The judgment of the trial court is reversed, and judgment here rendered dissolving the temporary injunction.